DeWitt C. Littlejohn, Individually and as Trustee, etc., et al., Appellants, v. Henry Y. Attrill et al., Respondents.

A trespasser upon real estate may not invoke the aid of a court of equity to preserve to him the fruits of his wrong, by restraining the party who was in possession from resuming his lawful occupation which was taken from him by the trespasser.

(Argued October 10, 1883 ; decided November 20, 1883.)

This action was brought to restrain defendants from entering upon, or in any way obstructing plaintiffs' alleged possession of certain premises, being a sandy point of land formerly a portion of Rockaway Beach, in the county of Queens, to which land plaintiffs claimed title.

The court found upon evidence here found sufficient that plaintiffs had neither title nor possession, and that defendants were the owners and in possession. It appeared that the plaintiffs made a formal effort to gain possession by entering on the land in question, building a fence on what they claimed to be the boundary line between said lands and lands conceded to belong to defendants, and putting a man and boy in the occupation of a small house on the premises. When the defendants discovered this trespass they tore down the fence and the buildings, and maintained their possession with a force of men too large to resist. Thereupon the plaintiffs brought this action. The court say : " Having failed to show either title or posses-

sion at the time of their entry they became merely trespassers wrongfully intruding through their agents on the possession of the defendants. If the plaintiffs or the persons ejected have any right of action for the forcible removal, the remedy is at law, but they cannot maintain one in equity. Whether the defendants have lawful title or not, as to which we express no opinion, they were in possession and plaintiffs' entry was a trespass which equity will not protect or defend. An injunction to preserve to a wrong-doer the fruit of his wrong, and shut out the party in possession from his lawful occupation because taken from him by a trespasser would be the reverse of an equity. We think, therefore, the plaintiffs' complaint was properly dismissed."

*Samuel Hand* for appellants.

*John E. Parsons* for respondents.

FINCH, J., reads for affirmance.
All concur, EARL, J., in result.
Judgment affirmed.